IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-100-D
No. 7:11-CV-43-D

| | | |
|---|---|---|
| HUMBERTO DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 3, 2013, the court granted the government's motion to dismiss [D.E. 249], denied Diaz's motion to vacate, set aside, or correct his sentence [D.E. 234], denied Diaz's other motion as moot [D.E. 258], denied a certificate of appealability, and directed the clerk to close the case. See [D.E. 262]. On June 14, 2013, Diaz appealed to the United States Court of Appeals for the Fourth Circuit [D.E. 264]. On December 4, 2013, the Fourth Circuit vacated in part, dismissed in part, and remanded this court's order denying relief on Diaz's claim that counsel rendered ineffective assistance by failing to file a notice of appeal. See United States v. Diaz, 547 F. App'x 303, 304–05 (4th Cir. 2013) (per curiam) (unpublished).

On January 6, 2014, the court referred the sole remaining claim to Magistrate Judge Gates for an evidentiary hearing and for a Memorandum and Recommendation ("M&R") [D.E. 284]. On November 12, 2014, following an evidentiary hearing, Judge Gates issued a comprehensive Memorandum and Recommendation ("M&R") [D.E. 310] recommending that the court grant the government's motion to dismiss Diaz's claim of ineffective assistance of counsel for failure to file a notice of appeal. Essentially, Judge Gates considered Diaz's testimony, Diaz's former lawyer's testimony, and the entire record. Judge Gates found that Diaz never instructed his former lawyer to

file a notice of appeal and that Diaz's former lawyer did not provide ineffective assistance of counsel.

On December 26, 2014, Diaz filed a motion for an extension of time to object to the M&R [D.E. 315] and filed objections [D.E. 316]. The court grants the motion to extend time and has considered the objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, the briefs, and the objections. The court agrees with the analysis in the M&R, OVERRULES the objections [D.E. 316], ADOPTS the M&R [D.E. 310], and GRANTS judgment to the government on Diaz's sole remaining claim of ineffective assistance of counsel.

In sum, the court GRANTS judgment to the government on petitioner's claim of ineffective assistance of counsel, DISMISSES petitioner's remaining claim of ineffective assistance of counsel for failure to file a notice of appeal [D.E. 234], and DISMISSES this action. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This **29** day of December 2014.

JAMES C. DEVER III
Chief United States District Judge

2